IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESSICA PATE, individually, J.L.C., a minor, by and through his parent and legal guardian, JESSICA PATE,<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.: 15-CV-00375 |
| KARIN HARBERS, in her individual capacity, CHARLEEN HUNTER, in her individual capacity, and BRENDA CHATMAN, in her individual capacity,<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Jessica Pate ("Pate") individually and J.L.C. a minor, by and through his parent and legal guardian, Jessica Pate, and file this, their Plaintiff's Original Complaint, and respectfully show the Court as follows:

## PARTIES

1. Plaintiff, Jessica Pate, is the mother of J.L.C. Pate brings this suit in both her individual capacity and on behalf of J.L.C., in her capacity as his parent and his legal guardian.

2. Plaintiff, J.L.C. is a minor and the natural born son of Pate.

3. Brenda Chatman ("Chatman") is a program director for the Texas Department of Family and Protective Services (the "Department"). Brenda Chatman may be served with process at 2400 Osborn, Bryan, Texas 77803. Pate requests service of process be issued and served on Chatman if she fails to waive service under Rule 4(d) of the Federal Rules of Civil Procedure.

4. Karin Harbers ("Harbers") is a supervisor overseeing investigations of child abuse and neglect by the Department in and around Washington County, Texas. Karin Harbers may be served with process at 2248 South Market St. Brenham, Texas 77833. Plaintiffs request service of process be issued and served on Harbers if she fails to waive service under Rule 4(d) of the Federal Rules of Civil Procedure.

5. Charleen Hunter ("Hunter") is an investigator investigating allegations of child abuse and neglect by the Department in and around Washington County, Texas. Charleen Hunter may be served with process at 2248 South Market St. Brenham, Texas 77833. Plaintiffs request service of process be issued and served on Hunter if she fails to waive service under Rule 4(d) of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1343(3) (civil rights).

7. This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state law claims that set forth in this complaint.

8. Venue is proper in the Western District of Texas, Austin Division as this is the district in which the claims outlined herein arose. 29 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9. On May 9, 2013, the Department, through the Defendants herein, removed J.L.C., without a court order, from Pate despite the fact there was no immediate danger to the physical health or safety of the J.L.C. Indeed, upon Pate filing a petition for writ of mandamus, the Texas Fourteenth Court of Appeals ordered that the Department return J.L.C. to Pate.

Defendants' removal of J.L.C. from Pate on May 9, 2013, violated J.L.C. and Pate's Constitutional rights to be free from unreasonable searches and seizures, to the care and custody of the J.L.C., and to family integrity. Accordingly, Plaintiffs bring this suit for violations of these Constitutional rights pursuant to 42 U.S.C. § 1983.

**A.     The Prior Removal.**

10.     Though certainly past limitations for liability purposes, the events giving rise to the instant suit have their genesis in an earlier removal of J.L.C. from Pate. On November 15, 2011, Pate found herself in an abusive relationship with J.L.C.'s father. At least partly as a result of this relationship, Pate suffered a mental breakdown. In consultation with a representative from the Texas Department of Mental Health and Mental Retardation ("MHMR"), Pate realized she needed psychiatric treatment. Accordingly, she voluntarily checked herself into the Austin State Hospital.

11.     The MHMR representative working with Pate discovered that Pate cut herself and threatened to commit suicide. The MHMR representative called local law enforcement who allegedly discovered marijuana and drug paraphernalia in Pate's home. Presumably, these law enforcement officers contacted the Department. Defendant Karin Harbers, an investigator at the time, responded for the Department.

12.     Harbers effectively forced Pate into agreeing to "voluntarily" place J.L.C. with Pate's maternal great-grandmother. After Pate was released from the hospital, she decided to move with J.L.C. to Tyler, Texas, to live with her brother. Harbers determined that Pate should not be allowed to live with her brother, so Pate informed Harbers that she would then move to Missouri to live with her father. At that point, and without any exigent circumstances, Harbers removed J.L.C. from Pate.

13. The next day, the Department filed a suit for protection of the Child in Cause No. CCL-6863; *In the Interest of J.L.C., a Child*, in the County Court at Law of Washington County, Texas. The court ordered that while the Department would retain temporary conservatorship of the J.L.C., Pate would be entitled to daily visits with J.L.C. The Department eventually returned J.L.C. to Pate and dismissed its suit for protection of the Child.

B. **The May 9, 2013, Removal.**

14. On May 7, 2013, the Department received a call through its hotline concerning J.L.C. The reporter alleged that there were weapons in the home of Frank Tanner, which was where J.L.C. allegedly lived.

15. The Department forwarded the report to the Brenham CPS office as a priority "P-2," meaning the Department had 72 hours to investigate the report. Harbers, by now a supervisor in the Brenham CPS office, assigned Defendant Charlene Hunter the task of investigating the report.

16. On the morning of May 9, 2013, Hunter contacted the Brenham Police Department to assist her in visiting Tanner at his residence. Hunter removed J.L.C. from Tanner's house. At the same time, she contacted Pate who was in class in College Station. Pate authorized Hunter to have J.L.C. transported to the Brenham CPS office by a family friend.

17. Pate arrived within two hours thereafter. After being interviewed, Hunter refused to return J.L.C. to Pate. Harbers was present in the CPS office during the interview. In concert with her Program Director, Defendant Brenda Chatman, Harbers made the decision to remove J.L.C. from Pate without exigent circumstances or a court order.

18. On May 10, 2013, the Department filed a suit for protection of the Child in Cause No. CCL-7338, *In the Interest of J.L.C.*, A Child; in the County Court at Law of Washington

County, Texas, suit on May 10, 2013. On the same day, the Trial Court, *ex parte*, entered an order for protection of the Child. Pursuant to Section 262.201 of the Texas Family Code, the court held and adversary hearing on May 16, 2013, at which time the court concluded the Department properly removed J.L.C.

C. **The Court of Appeals Ordered J.L.C. Returned to Pate.**

19. Pate immediately petitioned the Texas Fourteenth Court of Appeals for a writ of mandamus in an effort to force the return of J.L.C. to Pate in Cause No. 14-13-00452-CV; *In re Jessica Pate*; in the Fourteenth Court of Appeals for the State of Texas. In a published opinion, the Fourteenth Court of Appeals agreed with Pate and ordered the return of J.L.C. to Pate. *In re Pate*, 407 S.W.3d 416, 420 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In accordance with the Fourteenth Court of Appeals order, the Department returned J.L.C. to Pate and again eventually dismissed its suit for protection of the Child.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983

20. The Department's removal of J.L.C. from Pate on May 9, 2013, violated the rights of J.L.C. and Pate. Chatman, Harbers, and Hunter, employees and agents for the Department, acted under color of state law when they conducted the removal. Chatman, Harbers and Hunter's removal of J.L.C. without a court order, warrant, or exigent circumstances violated Plaintiffs' rights to be free from unreasonable searches and seizures. These rights are protected by the Fourth Amendment of the United State Constitution and incorporated and applied to the State of Texas through the Fourteenth Amendment. Moreover, Pate has a fundamental liberty interest in the care and custody of J.L.C., and both of the Plaintiffs have a right to integrity of the

family. These rights are protected by the Fourteenth Amendment of the United States Constitution.

21. As a result of the unlawful and wrongful acts of Chatman, Harbers, and Hunter, J.L.C. and Pate have suffered general damages including, but not limited to, physical and emotional injury, pain and suffering, severe emotional and mental distress, and shock. Moreover, Chatman, Harbers, and Hunter's conduct justifies the imposition of punitive damages.

## ATTORNEYS' FEES

22. Additionally, Plaintiffs request the award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER

23. For these reasons, Plaintiffs respectfully request that Defendants be cited to appear and that upon a trial, the Court:

    a. award Plaintiffs damages against Chatman, Harbers, and Hunter, jointly and severally;

    b. award Plaintiffs punitive damages against Chatman, Harbers and Hunter, jointly and severally;

    c. award Plaintiffs attorneys fees and costs;

    d. award Plaintiffs pre-judgement and post-judgement interest; and,

    e. award Plaintiffs any other relief at law or in equity to which they may show themselves entitled.

*– signature on next page –*

Respectfully submitted,

**CLOVER & MARAK PLLC**


By: \_\_\_\_\_/s/ Joshua S. Clover_____
    Joshua S. Clover
    State Bar No. 24045668
    josh@clovermarak.com
    P.O. Box 2548
    Brenham, Texas 77834
    979-836-7733
    888-227-1147 (fax)
ATTORNEY FOR PLAINTIFFS